IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD GREENBERG,

    Plaintiff,                              No. CIV S-11-3376 JAM DAD PS

    vs.

GARRETT S. SARCINELLA,           ORDER

    Defendant.

_____/

        Plaintiff Richard Greenberg, a state prisoner, is proceeding pro se with this action. The case has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the

1    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

2           Here, plaintiff's alleges in his complaint as follows.  On June 6, 2011, plaintiff was pursued by defendant Garrett Sarcinella, a National Parks Service Law Enforcement Ranger. At the conclusion of the pursuit, plaintiff was arrested and charged with possession of a controlled substance, reckless driving, evading a peace office, driving without a valid license, and theft and the unlawful taking or driving of a vehicle.  Plaintiff claims that the defendant Sarcinella's pursuit and detention of him was unlawful, violated plaintiff's rights under the Constitution and caused plaintiff damages.  (Compl. (Doc. No. 1) at 7-14.)  Plaintiff's complaint, however, is deficient in several respects.

           First, the complaint is signed by, and indicates that it was drafted by, "James Nickerson for Richard Lee Greenberg."  (Id. at 48.)  In this regard, plaintiff has also filed a motion "to appoint James Nickerson as Fiduciary" noting that "James Nickerson is not an Attorney."  (Doc. No. 4 at 1.)

           The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  Moreover, a non-attorney such as Mr. Nickerson "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a).  Finally, a plaintiff's name, address, and telephone number must be included in the upper left-hand corner and each plaintiff must sign each document filed on behalf of all plaintiffs.  Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

/////

/////

/////

3

Second, the complaint alleges that this action is brought, in part, pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

Here, the complaint alleges that the defendant is a "National Park Services Law Enforcement Ranger" whose "authority of police powers" is authorized pursuant to federal law, specifically 16 U.S.C. § 1a-3. (Compl. (Doc. No. 1) at 14.) In this regard, it is not apparent how defendant was acting under color of state law when he allegedly deprived plaintiff of a federal right. See Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir.1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.")[1]

Finally, the complaint's fundamental assertion is that plaintiff was convicted as a result of defendant Sarcinella's unlawful actions in contacting, pursuing and arresting plaintiff. In this regard, the complaint alleges that "because of the nature of the contact with the Defendant, [plaintiff] felt it was threatening and reacted and left the area and he assumed that it was his Constitutional Right to do so and not have to explain his actions." (Compl. (Doc. No. 1) at 24.) Plaintiff also alleges that "[i]f you do not wish to talk to someone you have the Constitutional

---

[1] A plaintiff alleging that a person acting under color of federal law violated his constitutional rights may state a cognizable claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

4

1  Right to ignore them" and that "[n]o reasonable person can conclude by that act, that it represents
2  criminal activity." (Id.)  Finally, plaintiff alleges that the defendant "willfully and intentionally
3  pursued Plaintiff in an illegal attempt to imprison him." (Id. at 25.)

4        In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
5  that a suit for damages on a civil rights claim[2] concerning an allegedly unconstitutional
6  conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence
7  has been reversed on direct appeal, expunged by executive order, declared invalid by a state
8  tribunal authorized to make such determination, or called into question by a federal court's
9  issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[3]  Heck, 512 U.S. at 486.

10        Under Heck, the court is required to determine whether a judgment in plaintiff's
11  favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the
12  complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
13  been invalidated.  Here, the complaint does not addresses the nature of plaintiff's conviction and,
14  therefore, the undersigned cannot determine whether a judgment in plaintiff's favor in this case
15  would necessarily invalidate his conviction or sentence.[4]
16  /////

---

[2] "[T]he rationale of Heck applies to Bivens actions."  Martin, 88 F.3d at 775.

[3] In this regard, plaintiff is advised that when a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).

[4] Though the complaint does not explicitly allege the nature of his criminal conviction, plaintiff has attached to his complaint a document from the Shasta County Superior Court indicating that on June 22, 2011, he pled guilty to evading an officer with disregard for public safety, admitted that a special allegation of aggregate and consecutive terms for multiple convictions was true and was sentenced to an aggregate term of four years in state prison. (Compl. (Doc. No. 1) at 69.)  If plaintiff was in fact convicted as indicated, the undersigned has reservations about plaintiff's ability to proceed with this civil action.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

1    For all the reasons set forth above, plaintiff's complaint will be dismissed.  The
2 undersigned has carefully considered whether plaintiff may amend his complaint to state a claim
3 upon which relief can be granted.  "Valid reasons for denying leave to amend include undue
4 delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan</u>
5 <u>Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See</u> also <u>Klamath-Lake Pharm. Ass'n v.</u>
6 <u>Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to
7 amend shall be freely given, the court does not have to allow futile amendments).  However,
8 when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed
9 "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his
10 claim which would entitle him to relief.'"  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir.
11 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  <u>See</u> also <u>Weilburg v. Shapiro</u>, 488
12 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is
13 proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by
14 amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

15    Here, the court cannot conclude that it appears beyond doubt that leave to amend
16 would be futile.  Plaintiff will therefore be granted leave to file an amended complaint.  If
17 plaintiff elects to file an amended complaint in this court, he must remedy the defects noted
18 above.  Plaintiff is also advised that the court cannot refer to a prior pleading in order to make an
19 amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
20 in itself without reference to prior pleadings.  The amended complaint will supersede the original
21 complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
22 just as if it were the initial complaint filed in the case, each defendant must be listed in the
23 caption and identified in the body of the complaint, and each claim and the involvement of each
24 defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise but
25 complete factual allegations describing the conduct and events which underlie his claims.
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 20, 2011 motion to proceed in forma pauperis (Doc. No. 2) is denied;

2. Plaintiff's December 20, 2011 complaint (Doc. No. 1) is dismissed with leave to amend;

3. Within thirty days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4. Plaintiff's December 22, 2011 motion to appoint fiduciary (Doc. No. 4) is denied; and

5. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 16, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\greenberg3376.ifp.den